PEARSON, TILLMAN (Ret.), Associate Judge.
Robert Lee McCoy appeals judgments and sentences entered upon a finding that he was guilty of grand theft and burglary of a dwelling. The judgments in the separate causes were entered pursuant to negotiated pleas of nolo contendere which included reservations of the defendant’s right to appeal the trial court’s orders denying his motions to suppress.
Appellant’s argument directed to the denials of his motions to suppress is without merit, and the judgments are affirmed. See Kelley v. State, 486 So.2d 578 (Fla.1986).
Appellant’s second argument, directed to his sentences, is well taken. It arises from the following facts. At the time the appellant committed the instant offenses he had not fulfilled a community service obligation imposed in a prior case. At the urging of the prosecutor, the trial judge determined that a community service obligation could be equated with a sentence to community control provided as punishment under § 921.187, Fla.Stat. Since a defendant under community control is under “legal constraint” as that term is used in the sentencing guidelines forms set out at Rule 3.988, Fla.R.Crim.P. (see Rule 3.701(d)(6), Fla.R. Crim.P.) the defendant had added to his point total 10 points with a resulting increase in the presumptive sentence under the sentencing guidelines. The assessment of these additional points for “legal constraint” caused defendant’s presumptive sentence to be increased from the 2½ — 3Va year range to the 3½ — 4½ year range.
An order requiring an indigent defendant to perform community service in lieu of paying costs merely makes such defendant a debtor of the state, in the same manner as would an order directing a solvent defendant to pay costs by tendering cash to the court clerk. Such order creates a debt owed by the defendant, but places no limits on his freedom. Surely a person otherwise entirely free who was in the process of paying off a costs judgment would not be considered to be under legal constraint. Furthermore, community service is not mentioned in Rule 3.701(d)(6), Fla.R. Crim.P. defining legal status at the time of offense.
Accordingly, the judgments are affirmed but the sentences imposed are reversed. The cause is remanded for resen-tencing of the defendant.
Judgments AFFIRMED, and the sentences REVERSED.
SHIVERS and ZEHMER, JJ., concur.